UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER SADOWSKI,<br><br>                              Plaintiff,<br><br>   - against -<br><br>COMPLEX MEDIA, INC.<br><br>                              Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Christopher Sadowski ("Sadowski" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Complex Media, Inc. ("Complex" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of seven copyrighted photographs. Six of The City of Camden and one of a crime scene outside nightclub SOB in New York City owned and registered by Sadowski, a New York City based photojournalist. Accordingly, Sadowski seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Sadowski is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 46 Viola Avenue, Clifton, NJ 07011. Sadowski's work has been published in publications such as the New York Post, The Star-Ledger, The Daily Mail Online, The Herald News, Newsday, Newsweek Magazine, People Magazine, The Associated Press, USA Today, NBC News, MSNBC among others.

6. Upon information and belief, Complex is a corporation duly organized and existing under the laws of the State of New Delaware, with a principal place of business at 1271 Avenue of the Americas, New York, NY 10020. Upon information and belief, Complex is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Complex has owned and operated and continues to own and operate a website at the URL: www.Complex.com (the "Website").

## STATEMENT OF FACTS

**A.    Background and Plaintiff's Ownership of the Photographs**

7. Sadowski photographed the changing city of Camden, New Jersey which was once one of the most thriving cities in the United States. Camden is now surrounded by thousands of decomposing and uninhibited homes. A true and correct copy of said photographs (the "Photographs") is attached hereto as Exhibit A.

8. Sadowski then licensed the Photographs to the Daily Mail. The Daily Mail ran an article that featured the Photographs entitled *Camden, city of ruins: Depressing images of once-thriving metropolis reduced to decaying, crime-riddne rubble.* See

(http://www.dailymail.co.uk/news/article-2184246/Americas-dangerous-city-Camden-New-Jersey-39-people-murdered-year.html) (last visited May 9, 2016). Sadowski's name was featured in a gutter credit identifying him as the photographer of the Photographs. A true and correct copy of the web edition of the article with the Photographs is attached here to as Exhibit B.

9. Sadowski photographed a crime scene at SOB, a nightclub in New York City, where musician Fat Trel was having a release party. Four people were shot. A true and correct copy of said photograph is attached hereto as Exhibit C.

10. Sawoski then licensed the Photograph to the New York Post. The New York Post ran an article entitled *Four shot inside Soho music club.* See (http://nypost.com/2013/09/12/four-shot-inside-soho-music-club/). Sadowski's name was featured in a gutter credit identifying him as the photographer of the Photograph. A true and correct copy of the web edition of the article with the Photograph is attached here to as Exhibit D.

11. Sadowski is the author of all seven Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

12. The Photographs were registered with Copyright Office and were given Copyright Registration Number VA 1-900-624 and VA 1-901-342.

B. **Defendant's Infringing Activities**

13. Upon information and belief, Complex ran an article on the Website entitled *Welcome to Camden, the New Detroit.* See: (http://www.complex.com/pop-culture/2012/08/camden-the-new-detroit/). The article prominently featured the Photographs. A true and correct copy of the Photographs on the article is attached hereto as Exhibit E.

14. Upon information and belief, Complex ran an article on the Website entitled Shooting at SOB's Leaves Four Injured. See (http://www.complex.com/pop-

culture/2013/09/four-shot-at-sobs-nyc). The article prominently featured the Photograph. A true and correct copy of the the article is attached hereto as Exhibit F.

15. Complex did not license the Photographs from Plaintiff for use on its articles, nor did Complex have plaintiff's permission or consent to publish the Photographs on its Website.

## CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST COMPLEX)
### (17 U.S.C. §§ 106, 501)

16. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-15 above.

17. Complex infringed Plaintiff's copyright in the Photographs by reproducing and publically displaying the Photographs in two articles on the Website. Complex is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

18. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyrights and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

19. Upon information and belief, the foregoing acts of infringement by Complex have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

20. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for each infringement.

21. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

22. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

23. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST COMPLEX
## (17 U.S.C. § 1202)

24. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-23 above.

25. When the Photograph of the SOB crime scene was published in an article in the New York Post, the article contained copyright management information protected under 17 U.S.C. § 1202(b).

26. When the Photograph of the School in Camden was published in an article in the Daily Mail, the article contained copyright management information protected under 17 U.S.C. § 1202(b).

27. On the information and belief, in its article on the Website, Complex intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

28. The conduct of Complex violates 17 U.S.C. § 1202(b).

29. On the information and belief, Complex's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

30. On the information and belief, the falsification, alteration and/or removal of said copyright management information was made by Complex intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. Complex also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

31. As a result of the wrongful conduct of Complex as alleged herein, Plaintiff is entitled to recover from Complex the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Complex because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

32. Alternatively, Plaintiff may elect to recover from Complex statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Complex be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. Plaintiff be awarded a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs.

3. a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at

least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

4. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

5. That Plaintiff be awarded pre-judgment interest; and

6. Such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
May 9, 2016

LIEBOWITZ LAW FIRM, PLLC
By: *Richard Liebowitz*
Richard P. Liebowitz
11 Sunrise Plaza, Suite 301
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorney for Plaintiff Christopher Sadowski*